# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AFFORDABLE CRANE, INC., an inactive Washington corporation,<br><br>Defendant. | Case No. C12-478RSL<br><br>DEFAULT JUDGMENT ORDER |

This matter comes before the Court on Plaintiffs' unopposed motion for default judgment (Dkt. # 12). Having reviewed the complaint, the motion, and the documents filed in support, the Court finds that the default entered on June 8, 2012 (Dkt. # 11), has established the well-pleaded allegations of the complaint pertaining to liability. Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir. 1992).

Judgment against the Defendant in Plaintiffs' favor is appropriate in the following sum certain amounts:

| | |
|---|---|
| Liquidated damages | $ 830.61[1] |
| Interest | $ 2,114.39[2] |
| Costs | $ 400.00[3] |

---

[1] Compare Dkt. # 1 at 3–4, with Dkt. # 13-4 at 48.

[2] Compare Dkt. # 1 at 3–4, with Dkt. # 13-4 at 48.

[3] 29 U.S.C. § 1132(g)(2) (costs). Compare Dkt. # 1 at 3–4, with Dkt. # 12 at 6, 12.

DEFAULT JUDGMENT ORDER - 1

See Franchise Holding II, LLC. v. Huntington Rests. Group, Inc., 375 F.3d 922, 929–30 (9th Cir. 2004) (concluding that a claim is a sum certain if "capable of simple mathematical computation" based on the documents and amounts presented).

Plaintiffs have also demonstrated entitlement to the following amounts:

| | |
|---|---|
| Delinquent Contributions | $ 3,556.88[4] |
| Attorney's Fees | $ 1,050.00[5] |
| Audit Fees | $ 1,820.75 |

The Court notes that the audit fee award is lower than the $2,085.25 Plaintiffs requested in their motion. See Dkt. # 12 at ¶ 10. The Court awards this lower amount in deference to Federal Rule of Civil Procedure 54(c), which states: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c) (emphasis added); see also Stafford v. Jankowski, 338 F. Supp. 2d 1225, 1228 (D. Kan. 2004) (noting methods for alleviating "due process concerns of upwardly adjusting a defendant's liability beyond that provided in the complaint"). The Court's audit fee award is thus limited to $1,820.75—the amount demanded in the complaint. Dkt. # 1 at 3–4.

In sum, for all of the foregoing reasons, the Court GRANTS Plaintiffs' motion IN PART. It directs the Clerk of Court to enter default judgement against Defendant in favor of Plaintiffs in a net amount of $9,772.63, inclusive of costs and fees. Post-judgment interest on the delinquent contribution amount shall continue to accrue at the contractually designated rate of 12% per annum until the judgment is paid in full. Post-

---

[4] Compare Dkt. # 1 at 3–4, with Dkt. # 13 at ¶ 25, and Dkt. # 13-4 at 48. This amount is "not a sum certain because the complaint and supporting affidavits, which were internally inconsistent, did not set forth a claim capable of simple mathematical computation." Franchise Holding, 375 F.3d at 929 (emphasis added).

[5] 29 U.S.C. § 1132(g)(2) (reasonable attorney's fees). Compare Dkt. # 1 at 3–4, with Dkt. # 12 at 6, 12.

DEFAULT JUDGMENT ORDER - 2

1  judgment interest on the remaining awarded amounts shall accrue at the applicable
2  federal rate.

      DATED this 12th day of July, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge

DEFAULT JUDGMENT ORDER - 3